# IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **JUDITH HILL,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-21-896-AMG |
| | ) |
| **KILOLO KIJAKAZI, ACTING COMMISSIONER OF SOCIAL SECURITY,** | ) ) ) ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Judith Hill ("Plaintiff") brings this action pursuant to 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner of the Social Security Administration ("SSA") denying her applications for disability insurance benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. §§ 401-34, and supplemental security income ("SSI") under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-83f. (Doc. 1). The Commissioner has answered the Complaint and filed the Administrative Record ("AR") (Docs. 11, 12), and the parties have fully briefed the issues (Docs. 14, 16). [1] The parties have consented to proceed before the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(c)(1). (Docs. 9, 10). Based on the Court's review of the record and issues presented, the Court **AFFIRMS** the Commissioner's decision.

---

[1] Citations to the parties' briefs refer to the Court's CM/ECF pagination. Citations to the Administrative Record refer to its original pagination.

I.    **The Disability Standard and Standard of Review**

The Social Security Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).  A physical or mental impairment is an impairment "that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3). A medically determinable impairment must be established by "objective medical evidence" from an "acceptable medical source," such as a licensed physician or a licensed and certified psychologist; whereas the claimant's own "statement of symptoms, a diagnosis, or a medical opinion" is not sufficient to establish the existence of an impairment. 20 C.F.R. §§ 404.1521, 416.921; *see* 20 C.F.R. §§ 404.1502(a), 404.1513(a), 416.902(a), 416.913(a).  A plaintiff is disabled under the Social Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 423(d)(2)(A).

Social Security regulations implement a five-step sequential process to evaluate a disability claim. 20 C.F.R. §§ 404.1520, 416.920; *Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988) (explaining five steps and burden-shifting process).  To determine whether a claimant is disabled, the Commissioner inquires: (1) whether the claimant is

engaged in any substantial gainful activity; (2) whether the claimant suffers from a severe impairment or combination of impairments; (3) whether the impairment meets an impairment listed in Appendix 1 of the relevant regulation; (4) considering the Commissioner's assessment of the claimant's residual functional capacity ("RFC"),[2] whether the impairment prevents the claimant from continuing claimant's past relevant work; and (5) considering assessment of the RFC and other factors, whether the claimant can perform other types of work existing in significant numbers in the national economy. 20 C.F.R. §§ 404.1520(a)(4)(i)-(v), 416.920(a)(4)(i)-(v).  Plaintiff bears the "burden of establishing a prima facie case of disability under steps one, two, and four" of the SSA's five-step procedure.  *Fischer-Ross v. Barnhart*, 431 F.3d 729, 731 (10th Cir. 2005).  If the plaintiff makes this prima facie showing, "the burden shifts to the Commissioner to show the claimant has the [RFC] to perform other work in the national economy in view of [claimant's] age, education, and work experience."  *Id*.  "The claimant is entitled to disability benefits only if [Claimant] is not able to perform other work."  *Bowen v. Yuckert*, 482 U.S. 137, 142 (1987).

This Court's review of the Commissioner's final decision is limited "to determin[ing] whether the Commissioner applied the correct legal standards and whether the agency's factual findings are supported by substantial evidence."  *Noreja v. Commissioner, SSA*, 952 F.3d. 1172, 1177 (10th Cir. 2020) (citation omitted).  Substantial evidence is "more than a scintilla, but less than a preponderance."  *Lax v. Astrue*, 489 F.3d

---

[2] RFC is "the most [a claimant] can still do despite [a claimant's] limitations." 20 C.F.R. §§ 404.1545(a), 416.945(a)(1).

1080, 1084 (10th Cir. 2007). "It means – and means only – such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S.Ct. 1148, 1154 (2019) (internal quotation marks and citation omitted). A court's review is based on the administrative record, and a court must "meticulously examine the record as a whole, including anything that may undercut or detract from the ALJ's findings in order to determine if the substantiality test has been met." *Grogan v. Barnhart*, 399 F.3d 1257, 1261 (10th Cir. 2005). While the court considers whether the ALJ followed the applicable rules of law in weighing particular types of evidence in disability cases, the court will "neither reweigh the evidence nor substitute [its] judgment for that of the agency." *Vigil v. Colvin*, 805 F.3d 1199, 1201 (10th Cir. 2015) (internal quotation marks omitted). Even if a court might have reached a different conclusion, the Commissioner's decision stands if it is supported by substantial evidence. *See White v. Barnhart*, 287 F.3d 903, 908 (10th Cir. 2002).

**II.     Procedural History**

Plaintiff filed applications for DIB and SSI on April 13, 2020, alleging a disability onset date of March 15, 2020. (AR, at 62, 64). The SSA denied the applications initially and on reconsideration. (*Id*. at 121, 125, 132, 138). Then an administrative hearing was held on February 25, 2021. (*Id*. at 38-61). Afterwards, the Administrative Law Judge ("ALJ") issued a decision finding that Plaintiff was not disabled. (*Id*. at 10-21). The Appeals Council subsequently denied Plaintiff's request for review. (*Id*. at 1-6). Thus, the ALJ's decision became the final decision of the Commissioner. *See Wall v. Astrue*, 561 F.3d 1048, 1051 (10th Cir. 2009); 20 C.F.R. § 404.981.

**III.    The Administrative Decision**

At Step One, the ALJ found that Plaintiff had not engaged in substantial gainful activity since March 15, 2020, the alleged onset date.  (AR, at 12).  At Step Two, the ALJ found that Plaintiff had the following severe impairments: "major depressive disorder, generalized anxiety disorder, personality disorder, and borderline intellectual functioning." (*Id*. at 13).  The ALJ further found that Plaintiff's "obesity is not severe."  (*Id*.)  At Step Three, the ALJ found that Plaintiff had no impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments.  (*Id*. at 14).  The ALJ then determined that Plaintiff had the RFC to

> perform a full range of work at all exertional levels but with the following non-exertional limitations: the claimant can understand, remember, and carry out simple, routine, and repetitive tasks.  The claimant can relate to supervisors and co-workers on a superficial work basis.  The claimant can have no contact with the general public.  The claimant can adapt to a work setting.  The claimant can deal with no more than occasional changes in work processes and environment.

(*Id*. at 16).  Then, at Step Four, the ALJ concluded that Plaintiff "is capable of performing past relevant work as a janitor.  This work does not require the performance of work-related activities precluded by the claimant's residual functional capacity."  (*Id*. at 21).  Thus, the ALJ found that Plaintiff had not been under a disability since March 15, 2020.  (*Id*.)

**IV.    Claims Presented for Judicial Review**

On appeal, Plaintiff contends that "[t]he ALJ improperly rejected portions of consultative examiner Dr. Hand's medical opinion" (Doc. 14, at 3), which further led the ALJ to "improperly consider whether [Plaintiff] met or medically equaled Listing 12.08" for personality and impulse-control disorders" (*id*. at 8).

In response, the Commissioner argues that "[t]he ALJ's evaluation of the medical evidence from Dr. Hand was proper" (Doc. 16, at 9) and that substantial evidence supports the ALJ's determination regarding Listing 12.08 (*id*. at 12).

V. **Analysis**

   A. **Dr. Hand's Statements Did Not Constitute a Medical Opinion; Therefore, the ALJ Did Not Err in Failing to Perform a Persuasiveness Analysis.**

On April 28, 2020, Plaintiff underwent a psychological evaluation by Dr. Ray Hand, Ph.D. (AR, at 424-28). The ALJ extensively summarized Dr. Hand's findings and quoted his report that "[Plaintiff's] history reflects an inability to maintain a home and live independently." (*Id*. at 18 (quoting *id*. at 428)). Plaintiff characterizes this statement as a "medical opinion" that Plaintiff "cannot maintain a home and live independently" and contends the ALJ did not conduct a proper persuasiveness analysis under 20 C.F.R. § 404.1520c. (Doc. 14, at 5).

Under the SSA's current regulations, "[a] medical opinion is a statement from a medical source about what [a claimant] can still do despite [his or her] impairment(s) and "whether [a claimant] ha[s] one or more impairment-related limitations or restrictions" in the ability to perform physical, mental, or other demands of work or to adapt to environmental conditions. 20 C.F.R. §§ 404.1513(a)(2), 416.913(a)(2). The ALJ must articulate how persuasive he or she finds a medical opinion. *Id.* §§ 404.1520c(b), 416.920c(b). Dr. Hand's statement simply does not meet the definition of a medical opinion. Rather it is exactly what he called it – <u>history</u>, reported by Plaintiff and her cousin, of being unable to maintain a home and live independently, based on reports of hoarding,

6

information that one of Plaintiff's houses was condemned, reports of difficulty with cleaning and cooking, and photographs of her home showing extreme filth. (AR, at 17). While Dr. Hand's statement may be evidence of Plaintiff's inability to perform certain activities of daily living, it does not state what Plaintiff "<u>can still do</u>" despite her impairments, and it does not describe limitations or restrictions in her "ability to perform physical, mental, or other demands of <u>work</u>." 20 C.F.R. §§ 404.1513(a)(2) (emphasis added). Indeed, as the Commissioner points out, "there is no evidence in the record that Plaintiff's hoarding" – or the state of her home – "affected her ability to work." (Doc. 16, at 11). Thus, it is not a medical opinion, and the ALJ was not required to perform a persuasiveness analysis. The ALJ appropriately considered Dr. Hand's statement as evidence as he formulated the RFC, weighing it against later evidence in the record, namely that "a clinician indicated the claimant has the skills necessary to live independently," and Plaintiff's report that she lives alone. (AR, at 18). "The ALJ was entitled to resolve [] evidentiary conflicts and did so." *Allman v. Colvin*, 813 F.3d 1326, 1333 (10th Cir. 2016).

    **B.**    **Substantial Evidence Supports the ALJ's Determination Regarding Listing 12.08.**

At Step Two of the sequential analysis, the ALJ determined that Plaintiff has the severe impairment of personality disorder. (AR, at 13). Plaintiff contends that at Step Three, the ALJ erred in determining that Plaintiff did not meet or medically equal Listing 12.08 for personality and impulse-control disorders. (Doc. 14, at 8). This Listing requires:

    A.    Medical documentation of a pervasive pattern of one or more of the following:

        1. Distrust and suspiciousness of others;

7

       2. Detachment from social relationships;
       3. Disregard for and violation of the rights of others;
       4. Instability of interpersonal relationships;
       5. Excessive emotionality and attention seeking;
       6. Feelings of inadequacy;
       7. Excessive need to be taken care of;
       8. Preoccupation with perfectionism and orderliness; or
       9. Recurrent, impulsive, aggressive behavioral outbursts.

   AND

   B.    **Extreme** limitation of one, or marked limitation of two, of the following areas of mental functioning:

       1. Understand, remember, or apply information.
       2. Interact with others.
       3. Concentrate, persist, or maintain pace.
       **4. Adapt or manage oneself.**

20 C.F.R. Part 404, Subpt. P, App. 1, Listing 12.08 (emphasis added). Plaintiff bears the "burden to present evidence establishing her impairments meet or equal listed impairments." *Fischer-Ross v. Barnhart*, 431 F.3d 729, 733 (10th Cir. 2005).

    The ALJ determined that Plaintiff has only "moderate" limitations in all four of the Paragraph B areas of mental functioning and therefore does not meet the criteria required by the listing. (AR, at 14). Plaintiff contends that "this finding was not supported by substantial evidence because substantial evidence supports an extreme limitation in her ability to adapt and manage herself," citing the statements by Dr. Hand, *see supra*, and Plaintiff's father and cousin about Plaintiff's history of difficulties maintaining a clean home. (Doc. 14, at 10).[3] Plaintiff is simply requesting the Court to reweigh the evidence,

---

[3] Plaintiff has not challenged the ALJ's determination of the other factors in Listing 12.08, and thus any such challenge is waived and not addressed here. *See Anderson v. U.S. Dep't*

and this Court must decline that request. *Allman v. Colvin*, 813 F.3d 1326, 1333 (10th Cir. 2016) ("Concluding otherwise would require us to reweigh the evidence, a task we may not perform."). This Court may only consider whether there was substantial evidence to support the ALJ's determination. *Noreja*, 952 F.3d. at 1177. We find that there was.

The ALJ weighed the evidence of Plaintiff's difficulties in maintaining her home and living independently against other evidence in the record including Plaintiff's report that she lives alone, and

> takes care of two cats, does house cleaning, and works part-time. She performs her personal care tasks without problems but sometimes forgot to take medication when "I was taking them." She later reported needing no reminders. The claimant notes she prepares meals daily; mops; sweeps; does laundry; dusts; washes dishes; needs no help or encouragement to do household chores; goes out alone; drives; shops in stores about 3 times weekly for about a half-hour to an hour each time; can manage her finances; spends time with her co-workers 5 days a week; spends time with her father; and watches TV. She handles stress and changes in routine okay.

(AR, at 14-15). The ALJ also considered that Plaintiff's father reported that Plaintiff still lives in her own house, with his assistance, that she cares for two cats and a dog, and that she needs reminders to do chores. (*Id*. at 15). The ALJ also considered that "a clinician indicated the claimant has the skills necessary to live independently." (*Id*. at 18).

This was "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion" that Plaintiff had a moderate limitation in adapting or managing herself, as opposed to an extreme limitation. *Biestek*, 139 S.Ct. at 1154. "The ALJ was

---

*of Lab.*, 422 F.3d 1155, 1182 (10th Cir. 2005) ("Due to [plaintiff's] failure to raise this argument in her opening brief, we consider it waived.").

entitled to resolve [] evidentiary conflicts and did so." *Allman*, 813 F.3d at 1333. Indeed, "[t]he possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's findings from being supported by substantial evidence. We may not displace the agenc[y's] choice between two fairly conflicting views, even though the court would justifiably have made a different choice had the matter been before it de novo." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (internal citations and quotation marks omitted). The ALJ's determination that Plaintiff did not meet Listing 12.08 was supported by substantial evidence.

## VI. Conclusion

Having reviewed the medical evidence of record, the transcript of the administrative hearing, the decision of the ALJ, and the pleadings and briefs of the parties, the undersigned **AFFIRMS** the decision of the Commissioner for the reasons discussed above.

**SO ORDERED** this 31st day of January, 2023.

AMANDA MAXFIELD GREEN
UNITED STATES MAGISTRATE JUDGE